# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUMMER ANTHONY<br>538 Alta View Village Court<br>Worthington, Ohio 43085, | ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| COLUMBUS BOARD OF EDUCATION<br>270 E State Street<br>Columbus, Ohio 43215 | ) ) ) ) | **JURY DEMAND ENDORSED<br>HEREIN** |
| Defendant. | ) ) | |

Plaintiff, Summer Anthony, by and through undersigned counsel, as her Complaint against Defendant Columbus Board of Education ("District"), states and avers the following:

## PARTIES AND VENUE

1. Anthony is a resident of the city of Worthington, Franklin County, Ohio.

2. At all times herein, Anthony was acting in the course and scope of her employment.

3. District is a public school district headquartered in Franklin County, Ohio.

4. District is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Anthony is alleging a Federal Law Claim under the Civil Rights Act of 1964, 28 U.S.C. § 2000e.

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over Anthony's state law claims pursuant to 28 U.S.C. § 1367 as Anthony's state law claims are so closely related to her federal law claims

that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Anthony filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01360 against District ("Anthony EEOC Charge").

10. On or about May 11, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Anthony regarding the Charges of Discrimination brought by Anthony against District in the Anthony EEOC Charge.

11. Anthony received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Anthony has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Anthony has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. In or about August 2001, Anthony began to work for District.

15. District initially employed Anthony as a teacher.

16. In or about 2013, District promoted Anthony to the position of leadership intern.

17. In or about August 2015, District promoted Anthony to the position of principal.

18. Anthony was principal at Como Elementary School.

19. Como Elementary School is located at 2989 Reis Avenue, Columbus, Franklin County, Ohio 43224.

20. In or about August 2018, Karen Gynn began working as physical education teacher at Como Elementary School.

21. In or about October 2019, Gynn began making sexual and/or romantic advances toward Anthony ("Harassing Behavior").

22. Among the Harassing Behavior, Gynn waited outside Anthony's office even when Gynn did not have a work-related reason to be at Anthony's office.

23. Among the Harassing Behavior, Gynn asked Anthony, "Are you lonely?"

24. Among the Harassing Behavior, Gynn asked Anthony, "Do you play with toys?"

25. By "play with toys," Gynn was referring to using sex toys.

26. Among the Harassing Behavior, Gynn asked Anthony, "Why haven't you remarried?"

27. On or about November 7, 2019, Anthony held a meeting with Area Superintendent Keith Harris, Director of Unified Arts Betty Hill, and HR Director Mary Ann Baum ("November 7 Meeting").

28. At the November 7 Meeting, Anthony complained about the Harassing Behavior.

29. At the November 7 Meeting, Harris told Anthony to set up a meeting with Gynn and Hill to tell Gynn to stop sexually harassing Anthony.

30. Harris instructed Anthony not to discipline Gynn for the Harassing Behavior.

31. In or about early November, Anthony held a meeting with Gynn and Hill to tell Gynn to stop sexually harassing Anthony.

32. District has a policy against sexual harassment ("Sexual Harassment Policy").

33. District's Sexual Harassment Policy precludes retaliation against employees who complain about sexual harassment.

34. Alternatively, retaliation against employees who complain about sexual harassment is permitted by District.

35. District's Sexual Harassment Policy precludes intimidation against employees who complain about sexual harassment.

36. Alternatively, intimidation against employees who complain about sexual harassment is permitted by District.

37. District's Sexual Harassment Policy requires employees to report what they reasonably believe is a violation of the Sexual Harassment Policy.

38. District's Sexual Harassment Policy precludes retaliation against employees who report a violation of the Sexual Harassment Policy.

39. Alternatively, retaliation against employees who report a violation of the Sexual Harassment Policy is permitted by District.

40. District's Sexual Harassment Policy precludes intimidation against employees who report a violation of the Sexual Harassment Policy.

41. Alternatively, intimidation against employees who report a violation of the Sexual Harassment Policy is permitted by District.

42. The Harassing Behavior violates the Sexual Harassment Policy.

43. District has a policy to investigate reports of violations of its Sexual Harassment Policy.

44. An investigation should include interviewing the complainant.

45. An investigation should include interviewing the subject of the complaint.

46. An investigation should include interviewing the subject of the reported discrimination.

47. An investigation should include interviewing witnesses to the reported discrimination.

48. An investigation should include getting a written statement from the complainant.

49. An investigation should include getting a written statement from the subject of the complaint.

50. An investigation should include getting a written statement from the subject of the reported discrimination.

51. In response to Anthony's report of The Harassing Behavior, District did not interview Anthony.

52. In response to Anthony's report of The Harassing Behavior, District did not interview Gynn.

53. In response to Anthony's report of The Harassing Behavior, District did not interview witnesses.

54. In response to Anthony's report of The Harassing Behavior, District did not get a written statement from Anthony.

55. In response to Anthony's report of The Harassing Behavior, District did not get a written statement from Gynn.

56. In response to Anthony's report of The Harassing Behavior, District did not get a written statement from witnesses.

57. District did not investigate Anthony's report of The Harassing Behavior.

58. In response to Anthony's report of The Harassing Behavior, District did not give Gynn a verbal warning.

59. In response to Anthony's report of The Harassing Behavior, District did not give Gynn a written warning.

60. In response to Anthony's report of The Harassing Behavior, District did not give Gynn a final warning.

61. In response to Anthony's report of The Harassing Behavior, District did not give Gynn a suspension.

62. In response to Anthony's report of The Harassing Behavior, District did not terminate Gynn's employment.

63. In response to Anthony's report of The Harassing Behavior, District did not discipline Gynn at all.

64. On or about December 3, 2019, Harris conducted an observation of Como Elementary School.

65. On or about December 3, 2019, Harris falsely documented that he performed a walkthrough, instead of an observation.

66. A walkthrough is a more thorough evaluation than an observation.

67. On or about December 3, 2019, Harris gave Anthony a negative evaluation.

68. Harris falsely documented that he performed a walkthrough for the purpose of disciplining Anthony.

69. Prior to Anthony's report of The Harassing Behavior, District never gave Anthony any discipline.

70. On or about December 3, 2019, Harris brought up several "concerns" he said he had had from August, September, and October, but he had never mentioned them before December.

71. Anthony never received a negative evaluation before she reported the Harassing Behavior.

72. Harris gave Anthony a negative evaluation in retaliation for her reporting of sexual harassment.

73. Harris gave Anthony a negative evaluation intentionally.

74. Harris gave Anthony a negative evaluation willfully.

75. On or about February 19, 2020, Harris informed Anthony that he was considering non-renewal of Anthony's contract as a principal ("Non-Renewal Notice").

76. The Non-Renewal Notice was an adverse action.

77. Harris gave Anthony the Non-Renewal Notice because of her reporting of sexual harassment.

78. Harris gave Anthony the Non-Renewal Notice intentionally.

79. Harris gave Anthony the Non-Renewal Notice willfully.

80. Anthony was out sick from March 4 - March 13, 2020.

81. In or about March 2020, Anthony was contacted by Eric Ulas, informing her that Anthony had to provide medical documentation as to why she was out.

82. Ulas is District's assistant director of human resources.

83. District did not require Anthony to provide medical documentation for sick leave before she reported sexual harassment.

84. On or about April 7, 2020, Anthony filed the Anthony Charge of Discrimination.

85. On or about May 29, 2020, District decided not to renew Anthony's contract as principal ("Demotion").

86. After the Demotion, District employed Anthony as a teacher at Trevitt Elementary School.

87. The Demotion was an adverse employment action.

88. The Demotion was an adverse action.

89. District gave Anthony the Demotion intentionally.

90. District gave Anthony the Demotion willfully.

91. District gave Anthony the Demotion in retaliation for her reporting sexual harassment.

92. District gave Anthony the Demotion in retaliation for her filing the Anthony EEOC Charge.

93. Prior to the Demotion, District promised Anthony she could perform summer-school work during the summer.

94. After the Demotion, District prevented Anthony from performing summer-school work during the summer.

95. District prevented Anthony from performing summer-school work during the summer in retaliation for her reporting sexual harassment.

96. District prevented Anthony from performing summer-school work during the summer in retaliation for her filing the Anthony EEOC Charge.

97. After the Demotion, Anthony applied for jobs outside District.

98. Harris provided negative job references when contacted by Anthony's prospective employers ("Negative References").

99. On or about May 10, 2021, Harris gave one of the Negative References ("May 10 Reference").

100. In the May 10 Reference, Harris stated, "I absolutely do not recommend her."

101. In the May 10 Reference, Harris stated, "There were many incidents where we had to get legal involved, not that she did anything illegal."

102. By "many incidents where we had to get legal involved," Harris was referring to Anthony's complaints of harassment.

103. By "many incidents where we had to get legal involved," Harris was referring to Anthony's complaints of retaliation.

104. By "many incidents where we had to get legal involved," Harris was referring to the Anthony EEOC Charge.

105. In the May 10 Reference, Harris stated, "Some of the interactions with staff were not good."

106. In the May 10 Reference, Harris did not provide any additional details about Anthony's interactions with staff.

107. By "some of the interactions with staff," Harris was referring to Anthony's complaints of harassment.

108. In the May 10 Reference, Harris stated, "No, I do not recommend her, and she is not eligible for rehire."

109. On or about May 10, 2021, Anthony was still employed by District.

110. Harris's assertion that Anthony is not eligible for rehire was false.

111. The Negative References were adverse actions.

112. The Negative References harmed Anthony's ability to find a job.

113. The Negative References would make a reasonable person less likely to report unlawful discrimination and/or retaliation.

114. Harris intentionally gave the Negative References.

115. Harris willfully gave the Negative References.

116. Harris gave the Negative References in retaliation for Anthony's opposing sexual harassment.

117. Harris gave the Negative References in retaliation for Anthony's opposing retaliation.

118. Harris gave the Negative References in retaliation for Anthony's filing the Anthony EEOC Charge.

119. District knowingly took an adverse employment action against Anthony.

120. District knowingly took an adverse action against Anthony.

121. District intentionally took an adverse employment action against Anthony.

122. District intentionally took an adverse action against Anthony.

123. District willfully terminated Anthony's employment.

124. District willfully took an adverse employment action against Anthony.

125. District willfully took an adverse action against Anthony.

126. On or about May 29, 2020, District gave Anthony the Demotion in retaliation for her opposing sexual harassment.

127. On or about May 29, 2020, District gave Anthony the Demotion in retaliation for her opposing retaliation.

128. On or about May 29, 2020, District gave Anthony the Demotion in retaliation for her filing the Anthony EEOC Charge.

129. As a direct and proximate result of District's conduct, Anthony suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII

130. Anthony restates each and every prior paragraph of this complaint, as if it were fully restated herein.

131. As a result of District's discriminatory conduct described above, Anthony complained about the sexual harassment she was experiencing.

132. Subsequent to Anthony's reporting of sexual harassment to her employer, Harris gave Anthony a negative evaluation.

133. Subsequent to Anthony's reporting of sexual harassment to her employer, Anthony filed an EEOC charge.

134. Subsequent to Anthony's filing an EEOC charge, District gave Anthony the Demotion.

135. Subsequent to Anthony's filing an EEOC charge, Harris gave the Negative References.

136. District's actions were retaliatory in nature based on Anthony's opposition to the unlawful discriminatory conduct.

137. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing sexual harassment.

138. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for filing an EEOC charge.

139. As a direct and proximate result of District's conduct, Anthony suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

140. Anthony restates each and every prior paragraph of this complaint, as if it were fully restated herein.

141. As a result of District's discriminatory conduct described above, Anthony complained about the sexual harassment she was experiencing.

142. Subsequent to Anthony's reporting of sexual harassment to her employer, Harris gave Anthony a negative evaluation.

143. Subsequent to Anthony's reporting of sexual harassment to her employer, Anthony filed an EEOC charge.

144. Subsequent to Anthony's filing an EEOC charge, District gave Anthony the Demotion.

145. Subsequent to Anthony's filing an EEOC charge, Harris gave the Negative References.

146. District's actions were retaliatory in nature based on Anthony's opposition to the unlawful discriminatory conduct.

147. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

148. As a direct and proximate result of District's conduct, Anthony suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Anthony respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring District to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring District to restore Anthony to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Anthony for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Anthony claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Summer Anthony*

## JURY DEMAND

Plaintiff Anthony demands a trial by jury by the maximum number of jurors permitted.

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)